Day, J.
The purpose of the action is to enjoin the location and construction of the so-called “Ward Ditch’’, and the placing on the duplicate for collection of an assessment ordered to pay for the labor and expense of locating and constructing said ditch. A perpetual injunction is prayed. The right to this relief, is based solely on the grounds that the proceeding for the location of the ditch was and is illegal, and that the plaintiff is not at all benefited by it, so that to enforce the order and the assessment reported, as to it, would be a gross injustice. No error or irregularity in the proceedings to locate and establish and construct the ditch is claimed or insisted on. It is practically conceded that, in respect to the proceedings for the location, they were distressingly correct and free of even technical error; and only the claim is asserted and relied on that to enforce the result of the proceeding, and the assessment apportioned to plaintiff, would, in and of itself, be illegal and a gross injustice, on the theory that plaintiff derives no benefit whatever from the proposed improvement. The plaintiff’s entire case is put in issue by an answer, in form a general denial of the averments of the petition,
The plaintiff appeals to the broad and equitable provisions of section 4491, Revised Statutes, and basing its entire case.thereon, prays relief in accordance with its provisions. We think the appeal is well based and must be allowed, and the contention of the parties disposed of under the provisions of that section. The provisions of that;section, re *438 lied on by plaintiff as authorizing^its action, are as follows: Section 4491, Revised Statutes:
“The court in which any proceeding is brought to recover any tax or assessment paid, or to declare void the'proceeding to locate or establish any ditch, or to enjoin any tax or assessment levied or ordered to be levied to pay for the labor and expense aforesaid, shall, if there is manifest error in the proceedings, allow the plaintiff in the action to show that he has been injured thereby, * * * and without finding error, the court may correct any gross injustice in the apportionment, made by the commissioners; the fcourt shall, on final hearing, make such order in the premises as shall be just and equitable, etc.”
The section invites the plaintiff’s action, and clearly authorizes relief under two heads: viz, in case of manifest’jer-ror in the proceeding, with an affirmative showing of injury; and, without finding error, in case of any gross injustice in the apportionment of the cost and expense. Nor are the remedies here provided, or rather permitted, anything new in our jurisprudence. Additional authority is not conferred, by the provisions of the section, upon the courts; but it only puts in form of statutory law, and brings into our drainage statutes, and makes available in ditch proceedings, rules that have, from time immemorial, obtained in courts of equity. Yet the provisions of the section are valuable in drainage matters, as they somewhat modify the prohibitory provisions of the next preceding section, 4490, and may be regarded and accepted as express legislative sanction, permitting the courts to dispense partial justice, even in a ditch proceeding', by correcting and relieving against gross injustice, without being obliged to first find the proceedings irregular or erroneous. In the absence of both the enumerated grounds, however, manifest error with injury, and gross injustice, no relief is provided, and, of course, none can be afforded in this form of action.
The plaintiff did not show, or attempt to show, manifest *439 error in the proceeding, but confined its efforts to the task of demonstrating that there was gross injustice in the apportionment of the expense of the improvement; thus raising and presenting for decision the single proposition: Was the apportionment of the cost and expense of the improvement, as made by the commissioners, grossly unjust to the plaintiff? The affirmative of the proposition is with plaintiff, and to entitle it to prevail, it must meet the requirements of its position and sustain its contention by a preponderance of all the evidence. The plaintiff’s efforts were all directed to the establishing of the fact that its property, the railroad bed and track, would not be at all benefited by the construction of the improvement, but on the contrary would suffer damag3; and the trend of all its testimony was to that effect. It was shown that the plaintiff company is assessed for the improvement, in round numbers, one hundred and sixty dollars. Four persons only are reported as benefited, and the sum apportioned to plaintiff, is about one-third of the whole amount, In all this plaintiff proceeds on the theory, that if a large portion of the cost and expense of the ditch is assessed and apportioned to it, and it is not to any extent benefited by the making of the improvement, the apportionment must of necessity be a grossly unjust one. In an ordinary case, where relative benefits, only, are in question, the theory of plaintiff, is most likely correct; and upon such situation being made to appear satisfactorily, the proper relief to be administered would be clearly indicated. The right to such relief, however, is based altogether on the assumed fact, that there is substantially an entire absence of any benefit whatever inuring to the plaintiff from the improvement; and if it shall appear from a consideration of all the evidence, that there was some substantial benefit to the plaintiff company, resulting from the construction of the improvement, so that plaintiff was properly assessed in some amount for the pay *440 ment of the expense of its construction, unless the benefit shown appears to be so infinitesimal and trifling and the assessment so large, that the disparity between the two, prima facie, evidences wrong and injustice, plaintiff has failed to sustain its contention, and the finding and judgment must be against it. In such case .the question ceases to be one of “gross injustice in the apportionment,’' and becomes the ordinary one of, is the apportionment fair and equal; and that question is conclusively presumed to have been properly adjudicated and settled in the original proceeding for the establishment of the improvement, to which the plaintiff was a party. It is only gross injustice in the apportionment that can be corrected and relieved against in this form of action, An apportionment somewhat unequal, perhaps believed to be somewhat unjust, viewed alone in the light of relative benefits to be derived, would not supply the situation described in the section, or authorize the relief therein pointed out, viz: the correction of a gross injustice in the apportionment. In such case the situation would be that of an apportionment believed to be unequal and not entirely equitable, in which the party feeling aggrieved, would have a complete and adequate remedy at law, by appeal or error; andcwould be denied the extraordinary remedy of injunction. See Haff v. Fuller, 45 Ohio St., 495; Laylin v. Commissioners, 46 Ohio St., 663.
The evidence bearing on the proposition involved in the case, was directly conflicting. Witnesses called and examined by plaintiff, with one exception, testified that the plaintiff’s railroad property was not benefited, in the least, by the improvement; while witnesses on behalf of the defense, including one introduced by plaintiff, gave evidence that the railroad embankment and road bed, was certainly and most directly benefited. The weight of this evidence is, we think, to the effect that the road is benefited to an extent — the precise or proximate .extent was not developed,but *441 sufficiently so to satisfy the court that it is not a question of gross injustice at all, but only a contention between several mutually benefited parties, as to whether the cost and expense of creating the benefits, is fairly and equitably apportioned between them.
Thus far we have dealt with the case altogether from the point of view urged by plaintiff, and have endeavored to make proper disposition of it on the plaintiff’s theory alone.
We think, however, the case is broader than plaintiff is willing to concede, and has in it some material facts not-commonly found in an ordinary ditch proceeding; material and unusual facts, that seriously affect the relative position of the parties to be charged with the .cost and expense of making the necessary improvement in the drainage of their respective premises, and which are peculiarly pertinent, and not to be left out of consideration, especially as bearing on the question of gross injustice in the apportionment. In considering and determining the proposition, if a gross wrong or injustice has been done or is proposed, we are not of opinion that we are limited and confined to the evidence, alone, concerning the relative benefits resulting to each party, but may also, with entire propriety, receive and consider as competent, any evidence tending to show that an increased necessity for the improvement, and as well, a largely increased cost and expense of making it, was in some part occasioned and made necessary by the improvident or wrong acts and conduct of one of the parties, in improperly and purposely obstructing the natural flow of the water; and also all other relevant and pertinent facts and circumstances, having a bearing and tending to throw light on the proposition of wrong and absolute injustice. When the inquiry is thus enlarged and extended to cover the whole ground, with all the pertinent facts considered, so as'to correctly ascertain the relation and position each party sustains to the needed improvement in drainage, the *442 cost and expense of it, the resulting benefits and the equitable apportionment of such cost and expense between the interested parties, it appears, as the undisputed fact, that the tract of country to be drained by the improvement in question, was, in its primal condition, a low swampy marsh, with a slight but distinct fall to the southwest, in ■ which direction its waters.naturally flowed, finding an outlet into Blue Jacket creek. Plaintiff’s railroad was' constructed directly~across the swamp, dividing it and leaving a portion on the north side of the railroad. This railroad was gradually converted into a solid embankment by being filled in, from time to time, with earth, timbers, gravel, etc., until, with the exception of an open culvert, some five or more feet in width, near the point where the present ditch is to pass through the said embankment, a complete and substantial dam was created, preventing the flow of the waters of the north part of the swamp to their outlet, except through the small culvert just named, Five or six years ago, this culvert was filled and entirely closed by the plaintiff company, and the dam, so far as the plaintiff is concerned, was made absolutely complete. Prior to this, water having a natural outlet elsewhere, was, by the plaintiff company, diverted from its natural course, and carried into the swamp on the north side of the railroad, and was by the making of the solid embankment, left, with all the othe„r water naturally collected there, without outlet or means of escape, except by the slow process of evaporation. Much of the necessity for the improvement, and very much of the total expense of the improvement, was directly occasioned by the obstruction to the natural flow of the water perpetrated by the plaintiff; and in view of that fact, the suggestion naturally presents itself: Is it in the nature of a gross injustice, that the plaintiff company, in a strictly regular and lawful proceeding, is required to bear a large share of the expense necessarily incurred in removing the obstruc *443 tion to the natural flow of the water, created by itself, and in rebuilding a proper and sufficient outlet for the dammed waters of the swamp. It does not look wrong — certainly it is not gross injustice, to require the plaintiff to sustain a portion of the burden of righting a wrong by it perpetrated against the public and the petitioners for the ditch, in the creation of the dam, and the diverting of the water from its natural course.
West & West, and Judge Dye, for Plaintiff.
S. H. West, for Defendants.
We do not perceive any gross injustice, or any kind of injustice, in the matter, and the prayer of the petition is denied, at costs to the plaintiff.